IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA PROTECTION AND ADVOCACY SERVICES COMMISSION, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:24-cv-00833-TWP-TAB ) |
| INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION, et al., | ) ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE TO MOTION TO
MAINTAIN DOCUMENTS UNDER SEAL**

**COME NOW** Plaintiffs, by their counsel, and respond to the defendants' Motion to Maintain Documents Under Seal (Dkt. 40) as follows:

1. As this Court is aware, this action concerns the legality of certain changes to the defendants' ("FSSA's") policies governing the Health and Wellness Medicaid Waiver Program (formerly the Aged and Disabled Medicaid Waiver Program). As is relevant here, the individual plaintiffs allege that these changes will detrimentally impact them in part because of their medical conditions and functional limitations. In conjunction with their request for a preliminary injunction, they therefore disclosed a significant amount of medical information, including a limited number of documents from their Medicaid waiver case files (Dkts. 45-4 & 45-5), without filing this information under seal. This was entirely proper, for "[t]he Health Insurance Portability and Accountability Act (HIPAA) does not prohibit an individual from disclosing his or her own medical information." *Aspaas v. Becerra*, 689 F. Supp. 3d 989, 1017 (D.N.M. 2023) (citing *Murphy v. Dulay*, 768 F.3d 1360, 1373 (11th Cir. 2014), *appeal pending*, No. 23-2157 (10th Cir.).

1

2. In opposing the plaintiffs' preliminary-injunction request, FSSA relied in part on the following documents:

- The Declaration of Dr. Maria Finnell (Dkt. 39-1).
- Excerpts from the individual plaintiffs' Medicaid waiver case files (Dkts. 39-2 through 39-5).
- Its response in opposition to the plaintiffs' preliminary-injunction motion (Dkt. 37).

These documents were all filed under seal insofar as they contain protected health information under HIPAA.

3. Case law concerning whether relevant HIPAA-protected information must be filed under seal is not uniform. Some courts conclude that "plaintiffs who place their medical condition at issue waive any applicable privileges or statutory protections that their medical records would have otherwise had [under HIPAA]." *Tyson v. Regency Nursing, LLC*, 2018 WL 632063, at *1 (W.D. Ky. Jan. 30, 2018); *see also, e.g.*, *Kitchen v. Corizon Health, Inc.*, 2017 WL 5197115, at *2 n.3 (W.D. Mich. Nov. 10, 2017), *rev'd in part on other grounds sub nom. Kitchen v. Snyder*, 2021 WL 4470032 (6th Cir. June 23, 2021). Other courts allow for this information to be filed and maintained under seal. *See, e.g.*, *Jackson v. Ind. Family & Soc. Servs. Admin.*, 2016 WL 10536998, at *2 (S.D. Ind. June 29, 2016). And still others *require* it to be maintained under seal notwithstanding a plaintiff's consent to the disclosure of his or her own medical records. *See, e.g.*, *Valentini v. Group Health Inc.*, 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020).

4. The individual plaintiffs acknowledge that they have placed their medical conditions and related information at issue in this case and that their interest in maintaining the privacy of their protected health information is likely minimized by the amount of information that they have themselves disclosed. They therefore have no objection to the unsealing of their protected health information except to the extent that information contains (a) their full names (as they are minors proceeding by their initials), (b) their dates of birth, and/or (c) their contact information or the contact

information of their mothers, including addresses (other than the city and state of their residence), telephone numbers, and e-mail addresses. Their full names and dates of birth must be maintained under seal pursuant to Federal Rule 5.2(a). While their families' contact information is not protected from disclosure by this rule, the public disclosure of this information would raise significant privacy concerns and the information itself is not relevant to the resolution of this matter. *See* S.D. Ind. L.R. 5-11(c)(2) (authorizing redaction of confidential information "in lieu of filing under seal").

5. This means that the plaintiffs have no objection to the unsealing of the Declaration of Dr. Maria Finnell (Dkt. 39-1) or FSSA's response in opposition to the plaintiffs' preliminary-injunction request (Dkt. 37). The excerpts from their Medicaid waiver case files on which FSSA relies (Dkts. 39-2 through 39-5) should be maintained under seal insofar as these documents contain the plaintiffs' full names, dates of birth, and/or contact information, but the plaintiffs have no objection to the Court ordering FSSA to file in the public record versions of these documents with this information redacted.

6. Nonetheless, in light of the divergence in authority detailed above, the plaintiffs take no position on FSSA's Motion to Maintain Documents Under Seal (Dkt. 40) and instead defer to the Court's determination as to whether this information should be maintained under seal.

**WHEREFORE,** the plaintiffs respectfully respond to the defendants' Motion to Maintain Documents Under Seal (Dkt. 40), and request all proper relief.

Gavin M. Rose
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
grose@aclu-in.org
spactor@aclu-in.org

Thomas E. Crishon
Samuel M. Adams
Indiana Disability Rights
4755 Kingsway Dr., Suite 100
Indianapolis, IN 46205
317/722-5555
tcrishon@indianadisabilityrights.org
samadams@indianadisabilityrights.org

*Attorneys for the plaintiffs*